**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**ALBERT LOPEZ VICTORY,**

                      **Plaintiff,**              02-CV-0031S(Sr)

v.

**GEORGE PATAKI, et al.,**

                      **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. #80.

Currently before the Court is plaintiff's motion for leave to depose former New York State Governor George Pataki regarding his involvement in the rescission of a decision by the New York State Parole Board granting plaintiff parole and the subsequent revocation of parole after the New York State Supreme Court granted plaintiff's petition for writ of *habeas corpus*. Dkt. #127.

Plaintiff argues that because the former governor is no longer an elected official, he cannot claim to be unduly burdened by the deposition. Dkt. #127-2, p.15. Plaintiff also argues that he will be prejudiced if he is not permitted to question a named defendant regarding his personal involvement in the underlying facts of his complaint,

particularly given the factual questions which remain following depositions of the former governor's top aides.  Dkt. #127-2, p.15.  Plaintiff asserts that the deposition "will be focused on the issue of whether and to what extent the former Governor was involved in what has happened to [plaintiff] since the Parole Board voted on January 11, 1999 to release him on parole."  Dkt. #127-2, p.16.

Defendants argue that despite 25 depositions, plaintiff has been unable to demonstrate any evidence of a conspiracy or any personal involvement by former Governor Pataki in the events surrounding plaintiff's grant of parole and subsequent parole recission.  Dkt. #137.

> Fed. R. Civ. P. 30(a)(2) provides that
>
> A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2) . . . if, without the written stipulation of the parties, (A) a proposed deposition would result in more than ten depositions being taken under this rule or Rule 31 by the plaintiffs . . . .

Fed. R. Civ. P. 26(b)(2) provides that the Court may alter the limits on the number of depositions under Rule 30 upon consideration as to whether

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(1), which sets forth general principles of discovery subject to the aforesaid limitations, affords parties the opportunity to

> obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Thus, "a court has discretion to allow more than ten depositions if the party who is seeking discovery has shown why it is necessary." *Commodity Futures Trading Comm'n v. Commodity Inv. Group, Inc.*, No. 05-CV-5741, 2005 WL 3030816, at *1 (S.D.N.Y. Nov. 10, 2005).

In addition, depositions of high-level government officials require a showing that: (1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source; and (2) the deposition would not significantly interfere with the ability of the official to perform his or her governmental duties. *See New York v. Oneida Indian Nation of New York*, No. 95-CV-554, 2001 WL 1708804, at *3 (N.D.N.Y. Nov. 9, 2001), *aff'd* 2007 WL 2287878 (N.D.N.Y. Aug. 7, 2007).

As former Governor Pataki is no longer performing governmental duties, plaintiff argues that this additional protection is no longer applicable to this defendant. Dkt. #127-2, pp.20-21. In support of this argument, plaintiff relies upon *Sanstrom v. Rosa*, which stated: "because Mr. Cuomo is no longer governor he cannot claim this

privilege." No. 93-CV-7146, 1996 WL 469589, at *5 (S.D.N.Y. Aug. 16, 1996). Defendants argue that the protection should continue to apply. Dkt. #137, pp.24-27. There can be no question, however, that a deposition of a former official can no longer pose the risk of interfering with governmental duties.

That does not mean that the Court should not consider the necessity of the deposition sought. In *Toussie v. County of Suffolk*, for example, the Court stated that the depositions of former government officials should not be lightly granted. No. CV 05-1814, 2006 WL 1982687, at *2 (E.D.N.Y. July 13, 2006). However, the Court continued to note that "[g]enerally, the depositions of former government officials are granted where the official has been personally involved in the events at issue in the case." *Id.; see Gibson v. Carmody,* No. 89 Civ. 5358, 1991 WL 161087, at *1 (S.D.N.Y. Aug. 14, 1991) (While the taking of depositions of present or former government officials at the level of Police Commissioner should not be lightly granted, it is clear that [the former police commissioner] personally participated in proceedings relating to or stemming from the investigation of the facts underlying this case (including disciplinary action with respect to defendant Carmody), and fairness to the parties requires that . . . they be permitted to depose him.").

Upon review of the updated record, the Court is of the opinion that it is necessary for plaintiff to depose former Governor Pataki to lay to rest lingering questions regarding his possible involvement in the highly unusual series of events surrounding plaintiff's grant of parole and its subsequent recission. Specifically, plaintiff

should be able to inquire whether former Governor Pataki had any personal involvement in and/or knowledge of plaintiff's parole proceedings, including whether he engaged in any conversations with his staff or other individuals regarding plaintiff. However, the Court will not permit plaintiff to question former Governor Pataki regarding his personal opinion regarding parole for felony offenders or his legislative agenda regarding parole, as these issues are tangential to the question to be resolved in the instant case and can be established through the public record.  Moreover, plaintiff is directed to schedule the deposition at a time and place agreeable to former Governor Pataki within 90 days of this decision.

**SO ORDERED.**


DATED:    Buffalo, New York
          September 30, 2008


       s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**