<u>Draft No. 1</u>
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALBERT LOPEZ VICTORY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:02-cv-31 |
| | ) | |
| KENNETH E. GRABER, Commissioner of | ) | |
| the Board of Parole; THOMAS P. GRANT, | ) | |
| Special Assistant to the Chair of the Board of | ) | |
| Parole; and TERRANCE X. TRACY, Chief | ) | |
| Counsel to the Chair of the Board of Parole, | ) | |
| | ) | |
| Defendants. | ) | |

## **FINAL JURY CHARGE**

Members of the Jury:

Now that you have heard the evidence and the arguments, it is my duty to instruct you on the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them.

My instructions come in two parts. The first part consists of general instructions about the task of the jury and about the rules and principles which should guide you in your deliberations. The second part consists of instructions which apply to the specific claims and defenses in this case. I ask that you pay equal attention to both parts.

## **ROLE OF THE COURT**

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them, just as it has been my

1

duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, you must follow my instructions.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law should be, it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You make decisions based upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence. You are to perform the duty of finding the facts without bias towards any party.

In deciding the facts, no one may invade your function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor should you consider as evidence anything I may have said—or what I may say in these instructions—about a fact in issue.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial

are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven his case.

You should reach your judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and without regard to the consequences of your decision. If you let sympathy or prejudice interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

### JURORS' EXPERIENCE OR SPECIALIZED KNOWLEDGE

Anything you have seen or heard outside the courtroom is not evidence and must be disregarded entirely. It would be a violation of your oath as jurors to consider anything outside the courtroom in your deliberations. But in your consideration of the evidence, you do not leave behind your common sense and life experiences. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as you feel are justified in light of the evidence. However, if any juror has specialized knowledge, expertise, or information with regard to the facts and circumstances of this case, he or she may not rely upon it in deliberations or communicate it to other jurors.

### ALL PERSONS EQUAL BEFORE THE LAW

Your verdict must be based solely upon the evidence developed at this trial, or lack of evidence. The fact that the plaintiff is a former prisoner and that the defendants are parole division employees must not enter into or affect your verdict. This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal

worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals in a court of justice.

### EVIDENCE

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits admitted into evidence, any stipulations submitted by the parties, and judicially noted facts. Testimony that has been stricken or excluded following an objection from one of the attorneys is not evidence and you may not consider it in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions I have given.

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence is when a witness testifies about something she or he knows by virtue of her or his own senses—something she or he has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit such as a document or photograph.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. You may infer on the basis of reason, experience, and common sense from one established fact, the existence or non-existence of some other fact. For example, if you were to see cow tracks in a pasture, that would be circumstantial evidence that there are or were cows in the pasture.

Circumstantial evidence is of no less value than direct evidence; generally, the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict be based on a preponderance of all the evidence presented.

## OBJECTIONS

From time to time the Court has been called upon to determine the admissibility of certain evidence following objections from the attorneys. It is part of the attorneys' duty to make objections, and you should not draw any conclusions or make any judgment from the fact that an attorney has objected to evidence. In the same fashion, you should not concern yourself with the reason for any rulings on objections by the Court.

Whether offered evidence is admissible is purely a question of law for the Court and outside the province or concerns of the jury. In admitting evidence to which objections have been made, the Court does not determine what weight should be given to such evidence, nor does it assess the credibility of the evidence. Of course, you will dismiss from your mind completely and entirely any offered evidence which has been ruled out of the case by the Court, and you will refrain from speculation about the nature of any exchange between the Court and counsel held out of your hearing.

## CREDIBILITY OF WITNESSES

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and importance of each witness's testimony.

How do you determine the credibility of the witnesses? You watched each witness testify. Everything each witness said or did on the witness stand counts in your determination.

How did the witness impress you? What was his or her demeanor—that is, his or her carriage, behavior, bearing, manner and appearance while testifying?

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony and its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.

## IMPEACHMENT OF A WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. It is your exclusive province to give the testimony of each witness such credibility or weight that you think it deserves.

If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency, and whether that explanation made sense to you.

### INFERENCES

In their arguments, the parties may have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact. An inference is not a suspicion or guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that has been shown to exist.

There are times when different inferences may be drawn from facts, whether those facts are proven by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defendants ask you to draw another. It is your job as jurors to decide what inferences you will draw. In drawing inferences, you should exercise your common sense.

Some claims may require a jury to determine whether the plaintiff has proven a particular state of mind or purpose on the part of a person. Direct proof of a person's state of mind or purpose is not always available and is not required. Instead, you are permitted, but not required, to infer that a person acted with a particular state of mind or purpose based on circumstantial evidence.

### BURDEN OF PROOF

This is a civil case and as such the plaintiff has the burden of proving the allegations of his complaint by a preponderance of the evidence. If after considering all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims. If after such consideration,

you find the evidence to be in balance or equally probable—or if you find that the evidence tips in favor of the defendants—then the plaintiff has failed to sustain his burden and you must find for the defendants.

## **PREPONDERANCE OF THE EVIDENCE**

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. What does a preponderance of the evidence mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and the persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all the witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties, then you must decide that issue against the party having the burden of proof. That rule follows from the fact that the party bearing this burden most prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than preponderance. So long as you find that the scales tip, however slightly, in favor of the party with the burden of proof—that what the party claims is more likely true than not true—then that element will have been proven by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is a proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should not apply it in this case.

## MULTIPLE DEFENDANTS

In this case there is more than one defendant. You should consider the liability of each defendant separately. Each defendant is entitled to a fair consideration of his defense and should not be prejudiced by your decision concerning the other defendant.

## INSTRUCTIONS ON THE SUBSTANTIVE LAW OF THE CASE

I turn now to the instructions which govern the specific allegations in this case. The plaintiff has made two claims. Both are claims that defendants have deprived him of due process of law in violation of his constitutional rights. The two claims have different elements and require the jury to make different factual decisions. I will discuss each claim separately.

## FEDERAL CIVIL RIGHTS CLAIMS UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT GRABER ONLY

First, I will discuss plaintiff's claim that defendant Graber violated plaintiff's rights under the United States Constitution. The law to be applied in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional or statutory rights under color of state law. We call this type of a claim a "section 1983 claim" because of the title of the particular federal law authorizing a lawsuit for deprivation of federal rights.

The plaintiff has the burden of proving each and every element of his section 1983 claim by a preponderance of the evidence. If you find that any one of the elements of the plaintiff's

section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant with respect to such claim or claims.

### ELEMENTS OF A SECTION 1983 CLAIM

To establish a claim under section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

### ACTION UNDER COLOR OF STATE LAW

The first element of the plaintiff's claim is that the defendant acted under color of state law. Since the defendant was employed by the New York State Parole Division as a parole commissioner at the time of the acts in question and was acting in that capacity at all times relevant to this case, he was acting under color of state law. In other words, the first statutory requirement is satisfied.

### DEPRIVATION OF RIGHT

The second element of the plaintiff's claim is that the defendant deprived him of a federal right. In order for the plaintiff to establish the second element, he must show three things by a preponderance of the evidence: first, that the defendant committed the acts alleged by the plaintiff; second, that those acts caused the plaintiff to suffer the loss of a federal right to due process of law; and third, that, in performing the acts alleged, the defendant acted with the requisite state of mind.

## ACTS ALLEGED

The plaintiff alleges that defendant Graber fabricated a story to justify the rescission of plaintiff's parole release date in March 1999. Plaintiff alleges that in the days immediately following the January 11, 1999 parole hearing, Mr. Graber created a false story that he did not know about plaintiff's escape in order to provide a legal basis for the second hearing in March 1999. He alleges that Mr. Graber repeated this story at the March 9 parole hearing and that as a consequence the parole board voted to rescind his parole on the basis of new information. He also alleges that he provided evidence to the other parole commissioners at the March 9 hearing in violation of his role as a neutral decision-maker.

Mr. Graber completely denies these allegations.

## DUE PROCESS

Under the Constitution, no person may be deprived of liberty without due process of law. Incarceration is an example of the deprivation of liberty. Incarceration is not itself unlawful. Many people are held in prisons following a trial or some other legal process which affords them due process. What the law does not permit is the deprivation of liberty without due process.

It is a violation of due process to deprive a person of liberty on the basis of a false story or false evidence. It is also a violation of due process for a parole commissioner or other neutral decision maker to appear as a witness in the same hearing in which he serves as a decision-maker.

## OFFICIAL IMMUNITY

As a matter of law, Mr. Graber is immune from any conduct or decisions which occurred at the March 1999 rescission hearing itself. The law affords parole commissioners and other public officials who make decisions about people in the manner of a judge complete immunity from their actions at the hearing itself. If you find that Mr. Graber is liable, it can only be on the basis of actions he took before the hearing. Once the hearing started, he is immune for legal reasons from further liability. This immunity is absolute for all his actions at the hearing.

Mr. Graber has no official immunity for actions you find he took before the March 1999 rescission hearing. You may consider this conduct in deciding whether Mr. Graber committed actions which deprived Mr. Victory of due process of law.

11

## STATE OF MIND

I instruct you that, to establish a claim under section 1983, the plaintiff must show that defendant Graber acted intentionally or recklessly. If you find that the acts of the defendant were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendant.

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason.

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the defendants acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

## PROXIMATE CAUSE

The final element which the plaintiff must prove is that the defendant's acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damages sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damages were a reasonably foreseeable consequence of the defendants' acts or omissions.

In order to recover damages, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or

the conduct of two or more people may operate in the same time, either independently or together, to cause an injury.

A defendant is not liable if the plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendants' acts or omissions and the plaintiff's injury and which produced a result which was not reasonably foreseeable by the defendant.

## CONSPIRACY CLAIMS UNDER 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

Plaintiff makes a second, related claim. He alleges that Mr. Graber conspired with defendants Grant and Tracy to fabricate the story that he did not know about the escape. He also alleges that Mr. Graber, encouraged by Mr. Grant and Mr. Tracy, participated in plaintiff's second parole hearing for the purpose of rescinding the parole date. He alleges that in furtherance of the conspiracy, Mr. Graber gave false testimony at the March 9 hearing and improperly served as a parole commissioner in a case in which he knew he would be a witness. The conspiracy claim is brought against Mr. Grant and Mr. Tracy only although plaintiffs allege that Mr. Graber and other persons not named in this lawsuit participated in the conspiracy.

## DEFINITION OF A CONSPIRACY

In the context of a section 1983 claim, a conspiracy is an agreement between two or more persons to deprive a person such as the plaintiff of his constitutional rights. The agreement may be express or it may be implied through conduct or unspoken agreement. To be liable as a conspirator, it is enough if the person understands the general objectives of the plan, accepts them, and agrees, either explicitly or implicitly, to his part in furthering the plan. A conspiracy may be proved by either direct evidence of the agreement or by circumstantial evidence. If you find that a conspiracy existed, then each defendant joining in the conspiracy is liable for the

13

actions of his co-conspirators which are taken in furtherance of the goals of the conspiracy. A defendant whom you find joined in a conspiracy to violate plaintiff's constitutional rights is personally liable for any damage to plaintiff caused by the conspiracy.

## ELEMENTS OF THE CLAIM OF CONSPIRACY

The same three elements of a section 1983 claim against an individual apply in the case of a claim of conspiracy to deprive a person of civil rights. These include the elements of "under color of state law," the deprivation of a federal civil right, state of mind, and the requirement of proximate cause. All three elements are the same in the case of a claim of individual conduct or conspiracy. I will discuss each briefly again.

a. Under color of law

Like Mr. Graber, Mr. Grant and Mr. Tracy were employees of the Parole Division at all times relevant in this case and therefore it is not disputed that they were acting "under color of state law."

b. Deprivation of right

The plaintiff alleges the same deprivation of due process rights in the case of the conspiracy claim as he did in the individual claim against Mr. Graber. These are the alleged deprivation of due process through the fabrication of the story prior to the March 9 hearing, the continued involvement of Mr. Graber in the case despite his role as a witness at the second hearing, and his alleged false statements at the second hearing.

c. Official Immunity

The doctrine of official immunity which bars any claim against Mr. Graber for his conduct at the March 9 hearing does not apply to conspirators other than Mr. Graber. If you find that a conspiracy existed and that the conspiracy encompassed Mr. Graber's statements and actions at

the second hearing and that Mr. Grant and/or Mr. Tracy were members, you may find these defendants liable for such conduct even though Mr. Graber himself is entitled to official immunity.

    d.   State of Mind

The same requirement of proof of intentional or reckless conduct which applied to the individual claim against Mr. Graber applies to the claim against the conspirators. You cannot find the members of the conspiracy liable unless you find that the plaintiff has met its burden of proof of showing that each conspirator acted intentionally or recklessly in depriving plaintiff of his due process rights.

    e.   Proximate cause

The same requirement of proof that defendant Graber's acts were a proximate cause of plaintiff's injuries applies to the claim against the conspirators.

## **COMPENSATORY DAMAGES**

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendants should be held liable.

If you return a verdict for the plaintiff, then you must consider the issue of actual damages.

If you return a verdict for the plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a consequence of the conduct of the defendants. Plaintiff claims damages based on his incarceration from his original open release date of March 11, 1911, until he was released from prison on December 28, 1999.

You shall award actual damages only for those injuries which you find that the plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find the plaintiff has proven by a preponderance of the evidence to have been proximately caused by conduct of the defendants. That is, you may not simply award actual damages for any injury suffered by the plaintiff—you must award actual damages only for those injuries that are a direct result of actions by the defendants which violated the plaintiff's rights to due process under federal law.

You should not award damages more than once for the same injury. For example, if the plaintiff were to prevail on two claims and establish damages for the same injury under both claims, you should not award him damages on both of those claims. The plaintiff is entitled to be made whole, but is not entitled to recover more than he lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the plaintiff fully for all of his injuries.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

### DAMAGES FOR EMOTIONAL DISTRESS NOT RECOVERABLE

As a matter of law, plaintiff cannot recover damages for emotional distress. In determining the amount of any compensatory award, you may not include any compensation for emotional distress or mental suffering.

### NOMINAL DAMAGES

If you find liability on the part of the defendants but no ascertainable compensatory damages, you may in your judgment award nominal damages of $1.00 or similar amount.

### PUNITIVE DAMAGES

If you award compensatory or nominal damages, you may also consider whether an award of punitive damages is appropriate. The decision to award punitive damages rests in your discretion as jurors. The fact that I am providing an instruction concerning a potential punitive damage award is no indication of any view of my own about what the verdict should be.

You may award punitive damages against some or all of the defendants if you find that their actions were malicious or wanton and reckless. An act is maliciously done if it is prompted by ill will or spite towards the injured person. An act is wanton if performed with reckless or callous disregard or indifference to the rights of the injured person. Wanton or reckless conduct is conduct which reflects an utter disregard for the potential consequences of the act on the safety or legal rights of others. An intent to injure is present when a person has a conscious desire to violate federal civil rights of which he or she is aware or when he or she has a conscious desire to injure plaintiff in a manner he or she knows to be unlawful.

The purpose of a punitive damages award is to punish a defendant for outrageous conduct and to deter him or her and others in the same position from engaging in similar conduct in the future.

If you decide that a punitive damages award is appropriate, you should consider the wrongfulness of the conduct, the means or personal wealth of the defendants, and the likely deterrent effect of your award.

As in all other aspects of this case, the plaintiff has the burden of proof by a preponderance of the evidence on these issues.

## FINAL INSTRUCTIONS

This completes my instructions to the jury. You will retire now to the jury room to deliberate in privacy about the issues in the case. I will provide a verdict form to guide you in

your deliberations.  You will also receive the exhibits which were admitted into evidence.  I will also provide eight copies of these instructions.

I appoint _____ as your foreperson.  _____ shall be responsible for making sure that the deliberations occur in an orderly fashion and that every juror has an opportunity to participate.

Any verdict which you return must be unanimous.  This means that you cannot answer a question on the verdict form unless and until all jurors agree on the answer.

If you need to communicate with the Court, please do so in writing.  I will confer with the lawyers about your question and send back a written response.  Please advise the court officer after you reach a verdict but do not tell him or her or anyone else what the verdict is until you return to the courtroom at which time I will receive the verdict form from your foreperson.

Dated at Buffalo, in the Western District of New York , this    day of _____, 2017.


_____
Geoffrey W. Crawford, U.S. District Judge